[Crim. No. 9319. In Bank. Nov. 5, 1965]

In re JOE STERLING et al. on Habeas Corpus.

Walter L. Gordon, Jr., for Petitioners.

A. L. Wirin, Fred Okrand and Laurence R. Sperber as Amici Curiae on behalf of Petitioners.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, William E. Doran, James H. Kline and William R. Yates, Deputy City Attorneys, for Respondent.

TRAYNOR, C. J.—Petitioners were convicted in the Los Angeles Municipal Court of gambling in violation of section 330 of the Penal Code. The People's case was submitted

solely on the arrest reports, and it was stipulated that petitioners would adduce no evidence other than that tending to show an illegal search and seizure. The search and seizure issue was fully tried. The court ruled that there was no illegality and found petitioners guilty as charged. The appellate department of the superior court affirmed the judgment, denied a rehearing, and refused to certify the case to the District Court of Appeal. In the absence of certification or a published opinion, no further appeal was authorized by the California Rules of Court. (Rule 62(a).)

 In this habeas corpus proceeding, petitioners attack the judgment collaterally on the ground that evidence was unconstitutionally obtained and that its introduction at their trial denied them due process of law. (*Mapp* v. *Ohio* (1961) 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933].)

In *In re Shipp* (1965) 62 Cal.2d 547 [43 Cal.Rptr. 3, 399 P.2d 571], and *In re Lessard* (1965) 62 Cal.2d 497 [42 Cal. Rptr. 583, 399 P.2d 39], this court adopted the rule urged in the concurring opinion in *In re Harris* (1961) 56 Cal.2d 879, 880 [16 Cal.Rptr. 889, 366 P.2d 305], that habeas corpus is not available to challenge the use of evidence obtained by an unconstitutional search and seizure. We held that the availability of collateral attack to challenge violations of constitutional rights must be considered in light of the relevance of the violation to the correct determination of petitioner's guilt, the purpose of the constitutional principle involved, and the effect that granting the remedy would have on the administration of criminal justice. "If the violation of a petitioner's constitutional rights by the use of illegally seized evidence had any bearing on the issue of his guilt, there should be no doubt that habeas corpus would be available. Unlike the denial of the right to counsel, the knowing use of perjured testimony or suppression of evidence, the use of an involuntary confession, or as in this case, the denial of an opportunity to present a defense, the use of illegally seized evidence carries with it no risk of convicting an innocent person. The purpose of the exclusionary rule is not to prevent the conviction of the innocent, but to deter unconstitutional methods of law enforcement. [Citations.] That purpose is adequately served when a state provides an orderly procedure for raising the question of illegally obtained evidence at or before trial and on appeal. The risk that the deterrent effect of the rule will be compromised by an occa-

sional erroneous decision refusing to apply it is far outweighed by the disruption of the orderly administration of justice that would ensue if the issue could be relitigated over and over again on collateral attack." (*In re Harris, supra,* 56 Cal.2d at 883-884.)

Petitioners contend, however, that the decision of the United States Supreme Court in *Linkletter* v. *Walker* (1965) 381 U.S. 618 [85 S.Ct. 1731, 14 L.Ed.2d 601] (see also *Henry* v. *Mississippi* (1965) 379 U.S. 443, 452-453 [85 S.Ct. 564, 13 L.Ed.2d 408]) has now established that habeas corpus is an available remedy in the federal courts to challenge illegal searches or seizures in cases arising after the decision in *Mapp* v. *Ohio, supra,* 367 U.S. 643, and that we should therefore afford them a cognate collateral remedy in the state court.

We fully recognize this state's obligation to afford every defendant a full and fair opportunity to secure an adjudication of all claimed deprivations of his constitutional rights in the securing of the evidence offered against him at trial. We believe, however, that in the absence of extraordinary circumstances, the time and place to secure such an adjudication is at the trial and on appeal. Unless these direct remedies were inadequate for reasons for which the defendant was not responsible (see *In re Spencer* (1965) *ante,* pp. 400, 406 [46 Cal.Rptr. 753, 406 P.2d 33]), we see no basis for affording him an opportunity to relitigate an alleged violation of such constitutional rights by collateral attack in the state courts.

California's trial and appellate procedure is fully adequate to meet the procedural requirements recommended by the United States Supreme Court for the adjudication of federal constitutional rights and to provide a record adequate for federal habeas corpus review. (See *Townsend* v. *Sain* (1963) 372 U.S. 293 [83 S.Ct. 745, 9 L.Ed.2d 770]; *Case* v. *Nebraska* (1965) 381 U.S. 336, 340 [85 S.Ct. 1486, 14 L.Ed.2d 422] [concurring opinion by Brennan, J.].) The right to counsel (Cal. Const., art. I, § 13; Pen. Code, § 686, subd. 2; *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733]), the right to liberal pretrial discovery (see cases collected in *Jones* v. *Superior Court* (1962) 58 Cal.2d 56, 58-60 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213]), the right to compel the prosecution to establish the legality of a warrantless search or seizure merely by objecting to the introduction of the offered evidence (*People* v. *Burke* (1964) 61 Cal.2d 575, 578 [39 Cal.Rptr. 531, 394 P.2d 67]; *People* v. *Shelton* (1964) 60 Cal.2d 740, 744 [36 Cal.

Rptr. 433, 388 P.2d 665]), and the right to object to the introduction of illegally obtained evidence even if the constitutional right invaded was that of a third person (*People* v. *Martin* (1955) 45 Cal.2d 755 [290 P.2d 855]) insure full presentation of any claimed constitutional violation at the trial level. The right to appeal (Pen. Code, §§ 1237, 1466, subd. 2), the right to secure an adequate record on appeal (*In re Paiva* (1948) 31 Cal.2d 503, 508 [190 P.2d 604]; *People* v. *Smith* (1949) 34 Cal.2d 449, 453 [211 P.2d 561]; *In re Henderson* (1964) 61 Cal.2d 541 [39 Cal.Rptr. 373, 393 P.2d 685]), and the right to counsel on appeal (*Douglas* v. *California* (1963) 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]) insure full opportunity to secure appellate review.

Failure to exercise these readily available remedies will ordinarily constitute such a deliberate bypassing of orderly state procedures as to justify denial of federal as well as state collateral relief. (*Fay* v. *Noia* (1963) 372 U.S. 391, 438-439 [83 S.Ct. 822, 9 L.Ed.2d 837].) Pursuit of these remedies will give a defendant a full adjudication of his claim and also lay the groundwork for immediate federal review. Under these circumstances, to authorize additional state collateral remedies would result only in needless repetition and delay. We have recognized the need to accommodate the state system to the existence of a federal collateral remedy (*In re Shipp, supra,* 62 Cal.2d at pp. 554-555), but such accommodation does not require the abandonment of procedures vital to the orderly administration of justice by the state courts. Preservation of a defendant's constitutional rights lies not in multiple state remedies that will ordinarily produce the same result, but in one effective state remedy plus an awareness on the part of all state officials that ultimate federal review is available. We expedite the availability of that federal remedy by the compilation of a full and adequate record and by insisting that one state remedy is ordinarily enough.

Petitioners contend, however, that an exception should be recognized when all remedies at trial and on appeal are exercised, but direct review terminates in the appellate department of the superior court. Direct review in petitioners' case terminated in that court owing to the orderly regulation of the courts' business pursuant to rules based on the seriousness of the crime involved. Such regulation should not be compromised by special rules to afford further review beyond the appellate department in the absence of compelling reasons. There are no such reasons here. Petitioners have been con-

victed on reliable, albeit allegedly unconstitutionally obtained, evidence. They have been afforded a full trial and appellate review of their constitutional claims pursuant to substantially the same standards that would apply had they been subject to trial in the superior court rather than the municipal court. To permit further review on habeas corpus of the legality of the search and seizure would afford them more remedies than are available to those charged with more serious crimes, and such further review could be justified only on the impermissible assumption that the municipal courts and the appellate departments of the superior courts cannot be trusted to discharge their duty to enforce the Constitution.

The writ of habeas corpus is discharged and petitioners are remanded to the custody of the Los Angeles Municipal Court for the execution of sentence.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.