**Charles ANDERS aka Maurice Coronado, Petitioner,**

v.

**Bertram S. GRIGGS, Superintendent, California Institute for Men at Chino, Respondent.**

**Civ. No. 72 1958–AAH.**

United States District Court, C. D. California.

Feb. 23, 1973.

Paul Bergman, UCLA School of Law, Los Angeles, Cal., for petitioner.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., Crim. Div., Doris H. Maier, Asst. Atty. Gen., Writs Section, Howard J. Schwab, William R. Pounders, Deputy Attys. Gen., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner, a California State prisoner incarcerated in the California Institute for Men at Chino, was sentenced in Los Angeles County Superior Court on November 12, 1970, in No. A24417, for violating Health and Safety Code § 11500 (possession of heroin).

The conviction was affirmed by the Court of Appeal, Second Appellate District, in an unpublished opinion filed December 3, 1971, and no further state relief was sought.

Pursuant to Order of the Court, a response and traverse have been filed, together with various exhibits constituting a complete record of the State proceedings. The Court has carefully studied the record, the authorities cited and all arguments advanced, and is thus fully advised in the premises and orders that the Writ of Habeas Corpus be denied for the following reasons.

Petitioner's sole contention is that the arrest and subsequent search and seizure were without probable cause, and that no "exigent circumstances" existed to excuse the lack of probable cause or of a search warrant. Respondent contends that there was ample probable cause to justify the arrest and search.

Additionally, respondent contends that the Court need not consider this petition on the following grounds:

1. Petitioner is legally in custody under a valid sentence, and the concurrent sentence doctrine should be applied.

2. Petitioner has failed to exhaust his state remedies.

In support of the first contention, respondent points out that at the

time of sentence here attacked, he was also sentenced to serve a concurrent term in case No. A–237280, and urges that the federal concurrent sentence rule should be applied to collateral attacks on state convictions. He cites Bible v. State of Arizona, 449 F.2d 111, 113 (9th Cir. 1971), cert. denied 405 U.S. 994, 92 S. Ct. 1268, 31 L.Ed.2d 463 (1972).

Although the approach is somewhat novel, it is not well taken in this case. As Petitioner points out in his traverse, Exhibit "B" of the response clearly shows that the concurrent sentence in A–237280 was for one year in the County Jail. Since that sentence was imposed November 12, 1970, it is clear that petitioner is not in custody on that sentence, but solely on the sentence imposed in A–24417 which is here attacked.

The second ground presents a more serious question. It is contended that the instant contentions have not been presented to any state court, since they were not raised on appeal, and no further proceedings were sought in the state (Pet. p. 3).

Petitioner replies that since he had a hearing under Penal Code § 1538.5 attacking the legality of the seizure, which was held to be valid, the matter has been fully litigated in the state courts, although there was no appellate review. He further states that no further litigation on the issue is permitted in California, citing In re Terry, 4 Cal.3d 911, 95 Cal.Rptr. 31, 484 P.2d 1375 (1971).

The *Terry* case says that a final judgment cannot be collaterally attacked on the grounds of illegal search and seizure. While recognizing that federal habeas corpus does allow such review, it declares that no cognate remedy need be afforded in the state courts. *Id.*, 926–927, 95 Cal.Rptr. 31, 484 P.2d 1375.

The *Terry* holding, although citing numerous decisions, is primarily based on the thorough discussion in the leading case of In re Sterling, 63 Cal.2d 486, 488, 47 Cal.Rptr. 205, 407 P.2d 5 (1965), which holds that in the absence of extraordinary circumstances, the time and

place for adjudication of constitutional claims is at trial and on appeal. The *Sterling* decision pointed out that by correctly following the California procedures, an adequate record is provided for federal habeas corpus review.

■ After careful consideration, the Court concludes that In re Terry, supra, would not bar the California court from consideration of the claim asserted here. *Terry* refers to a *final judgment*. This petitioner has never sought a hearing in the California Supreme Court, and our Ninth Circuit has held that where the only appeal was to the District Court of Appeal, petitioner must petition the Supreme Court for a late appeal under California Rule of Court 31(a), explaining the reason for the delay. Williams v. Nelson, 431 F.2d 932 (9th Cir. 1970).

Moreover, the question of illegal search and seizure was not urged on appeal (Resp.Exh. C, p. 11). The Court of Appeal made reference to the fact that motion pursuant to section 1538.5 Penal Code was denied (Opin. p. 2). Several grounds were raised on appeal, but the main argument was that the informants were material witnesses on the issue of guilt and should have been disclosed.

■ The contentions raised here have been transformed by the allegations into different constitutional attacks which have never been properly presented to nor considered by the California courts. In Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438, decided December 20, 1971, the Supreme Court stated that the states must have the initial opportunity to pass upon and correct alleged violations of prisoners' constitutional rights. See also Daniels v. Nelson, 453 F.2d 340 (9th Cir. 1972).

The decision in In re Terry, supra, was decided on May 24, 1971, when the California Supreme Court did not have the benefit of the *Picard* ruling, and it should have the opportunity to consider these allegations of constitutional violations.

In the light of the foregoing, it is not necessary or proper to consider the merits of the claim advanced here.

It is therefore ordered as follows:

1. The within Petition for Writ of Habeas Corpus is denied.

2. The Clerk of the Court shall serve copies of this Order, by United States mail, on the Petitioner, on counsel for Petitioner, and on the Attorney General of the State of California.