[Crim. No. 23042. Second Dist., Div. Four. Feb. 26, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
HAMMOND CLEVELAND, Defendant and Appellant.

COUNSEL

Richard S. Buckley, Public Defender, and Semour Weisberg, Deputy Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Edward T. Fogel, Jr., and Anthony D. Blankley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KINGSLEY, J.**—Originally defendant was charged with six counts. Ultimately count I (which had charged a violation of § 217 of the Pen. Code) was dismissed and the remaining counts were renumbered. After various proceedings to determine defendant's capacity to stand trial (Pen. Code, § 1368), he was found guilty by a jury on all five remaining counts, sane during the commission of the offenses charged in renumbered counts I, II and IV and insane during the commission of the offense charged in renumbered count III. When defendant was arraigned for sentencing, the trial court made an express finding that he was then "sane for the purpose of sentencing," and imposed prison sentences on the counts on which guilty verdicts had been returned, but made no reference to renumbered count III.

On appeal (*People* v. *Cleveland* (1972) 27 Cal.App.3d 820 [104 Cal. Rptr. 161]), we affirmed the findings of guilt but pointed out that the finding made at the time of sentencing did not comply with the duties of a trial court under section 1026 of the Penal Code where a verdict of not guilty by reason of insanity has been returned. In that connection we said: "It follows that the case must be remanded for a proper disposition of count III." We then pointed out the practical problems which would be involved if the trial court should find, as to count III, that defendant was still insane within the holding of *In re Jones* (1968) 260 Cal.App.2d 906, 911-912 [68 Cal.Rptr. 32].[1] The judgment of this court was in the following terms:

---

[1] "If the trial court should find that defendant has fully recovered his sanity in the sense of *Jones,* and a hearing sustains that finding, then a resentencing in the form used will become proper. However, if the trial court does not make such a finding, or if the hearing determines that he has not recovered. a dilemma will arise. Section 1026 requires that the defendant be committed on count III to the state hospital for the criminally insane, whereas other statutes require that he be sentenced to state prison on counts I, II and IV. Obviously he cannot be confined in two places at

"The judgment and sentence are vacated; the case is remanded to the trial court with directions to rearraign defendant for sentence and thereafter to proceed in accordance with this opinion." (*People* v. *Cleveland, supra,* 27 Cal.App.3d at p. 833.)

On remand, the trial court, with the concurrence of the People, dismissed the renumbered count III and ordered the sentences on renumbered counts I, II and IV to be carried into execution as originally ordered. Defendant has appealed; we affirm.[2]

I

■   We see no error in dismissing renumbered count III. While our earlier opinion discussed the possibility of the trial court conducting a section 1026 hearing, our mandate was not limited to that disposition. The pertinent language, quoted above, was that there be "a proper disposition" of count III. There can be no question but that a trial court has the power to dismiss a charge at any time prior to the time a judgment is carried into execution;[3] the disposition herein made was, thus, "proper" within the meaning of our mandate.

Not only was the action "proper" in that sense, but it was a disposition consistent with good public policy. Defendant's sentence on renumbered count I was life imprisonment; by virtue of section 669 of the Penal Code the sentences on the other counts run concurrently with that sentence. Had defendant been committed under section 1026, that commitment would, also, have run concurrently. Since, as we point out below, all of the objectives of a section 1026 commitment can, in the case at bench, be accomplished under the disposition now made by the trial court, we cannot say that it erred in electing not to impose on defendant, the People and a busy court, the holding of a hearing which would have had no discoverable public or private value.

once. Since the purpose of the confinement under sections 1026 and 1026a is to protect society and to afford an opportunity for psychiatric treatment, and since the Department of Corrections has facilities that can be utilized for both purposes, . . . we conclude that, in the eventuality under consideration, it would serve the purposes of all the statutes if the confinement, under all counts, were in the state prison." (*People* v. *Cleveland, supra,* 27 Cal.App.3d at pp. 832-833.)

[2]Citing *People* v. *Stokes* (1894) 102 Cal. 501 [36 P. 834], the People argue that defendant has no right to appeal from the dismissal. However, since the briefs raise other issues concerning the proceeding below, we affirm the order rather than dismissing the appeal, so that those other contentions may be answered.

[3]*People* v. *Superior Court* (1968) 69 Cal.2d 491, 501-502 [72 Cal.Rptr. 330, 446 P.2d 138].

## II

Counsel for defendant argues that, in some manner, defendant was deprived of some "rights" by the dismissal of renumbered count III. We do not agree.

Had the trial court held a section 1026 hearing and at that hearing found that defendant had recovered his sanity in the *Jones* sense, defendant would have been released from custody on the renumbered count III, but would still have been in custody on renumbered counts I, II and IV. He would, however, have on his record the findings of guilt and past insanity resulting from the original trial. As it is, with renumbered count III dismissed, those findings become moot. If anything, defendant is better off than otherwise.

If the section 1026 hearing had resulted in a finding that defendant had not recovered his sanity, the result, as we have pointed out, would have been to commit defendant to the Director of Corrections. He now stands committed to that director on three counts. If, in fact, he is still insane in the *Jones* sense, or if, for any reason, he needs psychiatric care and treatment, that treatment is available to him, under section 6102 of the Penal Code, in the same institutions to which a section 1026 hearing would, under our language above-quoted in footnote number 1, have committed him. Assuming that defendant has a "right" to psychiatric treatment (a matter which we do not determine) such right still exists. He has suffered no loss.

## III

The case originally was tried before Judge McCourtney. When it was called on the remand, it was in department 100 of the trial court (the criminal master calendar court of that superior court), before Judge Kolts who was then assigned to that department.[4] Judge Kolts indicated his intention to hear the matter and announced the disposition he intended to make. A discussion followed between court and counsel, indicating some confusion resulting from the renumbering of the counts. It was not until defense counsel finally realized that the hearing involved the renumbered count III and not another count that he interjected his desire to have the matter transferred to Judge McCourtney. That request came too late. No basis for a charge of actual bias on the part of Judge Kolts

---

[4]At the time the case was called on remand, Judge McCourtney had been elected and was serving as assistant presiding judge of the trial court and was not sitting in a trial department.

appears; the mere fact that a judge rules adversely to an attorney does not show bias. (1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 76, pp. 354, 355.) Assuming that a challenge under section 170.6 of the Code of Civil Procedure would have been timely if made when the case was first called in department 100, counsel could not wait until the hearing had progressed to the point of a ruling that he did not like. It follows, also, that there was no error in denying a continuance to enable counsel to prepare an invalid challenge.

Incorporated in defendant's opening brief in this court, but not mentioned on the cover of that document nor separately filed, is a purported "Petition for a Writ of Error Coram Nobis."[5] That petition alleges purported facts admittedly known to defense counsel at the time Judge Kolts called the case, but nowhere does it attempt to explain why, knowing those alleged facts at that time, he did not make known at the outset his claim under section 170.6. Since the "petition" sets forth no facts justifying relief, it is denied.

## IV

■ Counsel for defendant appears to argue that Judge Kolts' action was in error because he had discussed the case with Judge McCourtney before the case was called in department 100. However, unlike the cases cited by counsel where the sentencing judge adopted the trial judge's recommendations, all that appears in the record before us is Judge Kolts' explanation to counsel that a transfer to Judge McCourtney would be futile because Judge McCourtney had indicated an agreement with the disposition originating in the mind of Judge Kolts. In other words Judge Kolts, so far as the record before us shows, exercised his own judgment in dismissing renumbered count III.

## V

Since this court had affirmed the findings of guilt on renumbered counts I, II and IV, there was nothing for the trial court to do on remand but to see that the original sentences were carried into execution. If the language

---

[5]In light of the irregular manner in which the purported petition comes to us, we would have been justified in disregarding it. However, in the interest of settling the controversy involved at the earliest possible time, we rule on the "petition" on its merits.

of our mandate was such as to require a reiteration of those sentences, it was a mere formality, not calling for any formal allocution.[6]

The order and judgment are affirmed; the petition is denied.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[6]Witkin, California Criminal Procedure (1963) section 607, pages 600-601.