Autar Edward NAUTON, Petitioner-Appellant,

v.

Walter E. CRAVEN, Warden, Respondent-Appellee.

No. 74–2473.

United States Court of Appeals, Ninth Circuit.

Sept. 10, 1975.

Richard F. Ellers (argued), Nevada City, Cal., for petitioner-appellant.

G. Michael Gates, Deputy Atty. Gen. (argued), Sacramento, Cal., for respondent-appellee.

## OPINION

Before KOELSCH, CARTER and GOODWIN, Circuit Judges.

PER CURIAM:

Appellant Nauton, a California state prisoner, petitioned the district court for a writ of habeas corpus, alleging that damaging evidence introduced at his state court trial for robbery was obtained in violation of the federal wiretap statute, 18 U.S.C. § 2510 *et seq.* The district court summarily dismissed the petition on the ground that Nauton had not exhausted his state remedies as required by 28 U.S.C. § 2254(b). Nauton appeals.

In his petition, Nauton alleged that, following his arrest for two of the robberies with which he was charged, he was permitted to place a telephone call from a pay telephone in the Sacramento County Jail; that a police officer, positioned nearby behind a screen, monitored his conversation by listening in on an extension phone; that he (Nauton) made several incriminating statements during the conversation; that the officer testified to the substance of those statements at his trial; and that he (Nauton) objected to the admission of that testimony based on the constitutional right of privacy.

We conclude that the district court erred in denying the habeas petition on non-exhaustion grounds.

Although at his trial Nauton had not stated the federal statute as a basis for his objection, he did urge that ground on his direct appeal to the District Court of Appeal; and before that court rendered its decision, the California Supreme Court decided *Halpin v. Superior Court,* 6 Cal.3d 885, 101 Cal.Rptr. 375, 495 P.2d 1295 (1972), in which it held in essence

that the admissibility of evidence of a telephone conversation such as Nauton's is governed by the federal wiretap statute. However, the District Court of Appeal, while noting that the federal statute would probably govern the admissibility of evidence of Nauton's conversation, declined to consider that assignment because of Nauton's failure at trial to rest his objection on it. Thereafter, the California Supreme Court denied Nauton's petition for hearing.

Having thus unsuccessfully sought to raise his claim on direct appeal, Nauton appears to be without a further state remedy. Since the California courts have once refused to consider the merits of Nauton's claim, it appears unlikely to us that those same courts would now entertain it in a collateral proceeding. Moreover, the California courts normally will not consider claims of unlawful search and seizure in state habeas corpus proceedings, as such claims do not directly bear on the issue of guilt. *See, e. g., In re Terry,* 4 Cal.3d 911, 926–927, 95 Cal.Rptr. 31, 484 P.2d 1375 (1971); *In re Sterling,* 63 Cal.2d 486, 487–489, 47 Cal. Rptr. 205, 407 P.2d 5 (1965).[1] Under the circumstances, we think the presentation of Nauton's claim in state collateral proceedings sufficiently "futile" that the exhaustion doctrine will not require it. *See Mozingo v. Craven,* 341 F.Supp. 296, 299–300 (C.D.Cal.1972), *aff'd,* 475 F.2d 1254 (9th Cir. 1973); *Rowe v. Peyton,* 383 F.2d 709, 711 (4th Cir. 1967) (in banc) *aff'd sub nom. Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 420 (1968). And since we cannot say as a matter of law that the petition shows on its face that Nauton is not entitled to a writ, the district court's denial of that petition without issuance of an order to show cause must be vacated. *See* 28 U.S.C. § 2243; *Wright v. Dickson,* 336 F.2d 878, 881 (9th Cir. 1964).

Nauton's allegation that here the officer's unauthorized monitoring of his con-

---

1. *People v. Standifer,* 38 Cal.App.3d 733, 113 Cal.Rptr. 653 (1974), cited by appellee, is not to the contrary. There the issue was the adequacy of counsel (which bears on the correctness of the adjudication of guilt) and not, as here, the exclusion of evidence.

versation on a telephone extension violated the federal wiretap statute would, if proven, have merit. *See Lee v. Florida*, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166 (1968); *United States v. Banks*, 374 F.Supp. 321 (D.S.D.1974); *People v. Tebo*, 37 Mich.App. 141, 194 N.W.2d 517 (1971). On the other hand, if the evidence against Nauton is as stated in the briefs, any such error may be harmless. As the district court has not yet had an opportunity to rule on these contentions, we do not reach them now. The district court's order is vacated and the cause remanded for further proceedings consistent with the views expressed herein.

So ordered.