[Crim. No. 17501. First Dist., Div. Two. Dec. 19, 1977.]

In re GUST D. MAZOROS on Habeas Corpus.

COUNSEL

Singer & Osterhoudt and Janice M. Lagerlof for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Franklin D. Elia, Deputy Attorneys General, for Respondent.

OPINION

TAYLOR, P. J.—While the appeal of petitioner, Gust D. Mazoros (1 Crim. No. 14832) was pending in this court and calendared for oral argument on October 11, 1977, a petition for a writ of habeas corpus was filed and summarily denied. Thereafter, on September 26, 1977, Mazoros filed his petition for a writ of habeas corpus with the state Supreme Court. On October 6, 1977, the Supreme Court issued an order to show cause before this court.[1]

Although the petition for habeas corpus stated that argument on the appeal was set for October 11, 1977, the Supreme Court order was not filed in this court until the afternoon of October 12, 1977, *after* the oral argument on the appeal. On October 13, 1977, after having been notified that the appeal was pending before this division rather than Division One, the Supreme Court entered the following order: "The above entitled proceeding now pending in the Court of Appeal, First District, Division One, is transferred to First District, Division Two."

Under the circumstances, we did not order the habeas corpus proceeding on calendar as many issues cognizable on habeas corpus can be resolved on the basis of documentary evidence (*In re Hochberg* (1970) 2 Cal.3d 870, 873, fn. 2, p. 874 [87 Cal.Rptr. 681, 471 P.2d 1]). A return and traverse have been filed, and no objection has been made to the absence of a hearing on the order to show cause. ██ Once an order to

---

[1]The order of October 6 reads as follows: "The Probation Officer of Santa Clara County is ordered to show cause before the Court of Appeal, First Appellate District, Division *One*, when the proceeding is ordered on calendar, why the relief prayed for should not be granted.

"The written return shall be served and filed on or before October 21, 1977." (Italics added.)

show cause or alternative writ issues, however, the matter becomes a "cause," pursuant to the California Constitution (art. VI, § 14) and requires a written opinion.

■ The petition is based on a ground identical to Mazoros' major contention on his appeal, namely, that his physical and mental condition precluded him from being "present" at his trial for grand theft (Pen. Code, § 484). The petition sought alternative relief as follows: (1) a writ of habeas corpus and to restore petitioner to liberty or grant a new trial and the right to bail pending retrial or, in the alternative, (2) a remand to this court to consider the writ in conjunction with the pending appeal; or (3) a remand to the Superior Court of Santa Clara County for an evidentiary hearing. While we have considered this writ in conjunction with the appeal, we have chosen not to consolidate the writ proceedings with the appeal on the merits (cf. *People* v. *Westmoreland,* 58 Cal.App.3d 32, 36 [129 Cal.Rptr. 554]).

The petition is based on an affidavit dated August 24, 1977, executed by Mazoros' trial counsel, an affidavit dated June 27, 1977, signed by Dr. G. Stephens, on an undated affidavit signed by Dr. E. D. Sumner, and Mazoros' own affidavit dated May 16, 1977.[2] The testimony of Dr. Stephens and Dr. Sumner was included in the agreed statement of facts on appeal. Their affidavits in support of the writ are substantially identical to the testimony and reflect their views that Mazoros was not able to stand trial because of his heart condition, and that the many drugs prescribed for him kept him from being mentally present or competent at the trial. The affidavit of Mazoros' trial counsel reiterates a portion of Dr. Stephens' testimony, namely, that the rigors of trial might trigger a fatal heart attack in Mazoros[3] and adds that Mazoros' physician had told him of the possibility of a fatal heart attack. Mazoros' own affidavit indicates that he did not remember anything that occurred during the trial. The argument made by Mazoros' counsel[4] in support of the writ is substantially identical to the major contention on appeal. The new addition is an argument that the denial of Mazoros' motion for a

---

[2] Mazoros' trial was concluded in June 1975, and his notice of appeal filed on October 6, 1975.

[3] The record on the appeal indicates that on cross-examination, the prosecution was able to produce a substantial conflict in the testimony of these experts as to the seriousness of Mazoros' heart condition. No objective tests supported the conclusions of Mazoros' experts. An independent test indicated that his heart condition was a mild one and that it would be preferable to proceed with the trial to lessen his anxiety.

[4] The petition admits that the issue of Mazoros' capability to be present at the trial was raised on appeal but states without elucidation or clarification that the specific issues

continuance also constituted a deprivation of due process and a deprivation of his federal and state constitutional rights to be present at every stage of his trial. Thus, it appears that Mazoros is attempting to use the instant writ proceedings to further amplify an issue already extensively briefed on the appeal and whose constitutional dimensions apparently eluded his counsel at the time of the filing of his brief on appeal on April 20, 1977, until the time of the filing of the writ in the Supreme Court on September 26, 1977. No mention of the constitutional dimensions of his contention was made at the time of the oral argument on appeal (Oct. 12, 1977). ■ In this connection, we note that the granting of a petition for habeas corpus entitles a defendant to a discharge, while a reversal on appeal permits the prosecution to retry the matter (Witkin, Cal. Criminal Procedure, Habeas Corpus and Other Extraordinary Writs, § 796, p. 769).

■ As we indicated in *In re Rinegold,* 13 Cal.App.3d 723, 725 [92 Cal.Rptr. 18], habeas corpus is the proper remedy for a collateral attack on constitutional grounds when there is no opportunity to raise the constitutional issue on appeal. ■ Here, unlike *Rinegold, supra,* Mazoros had ample opportunity to raise the constitutional issues on appeal. Constitutional issues may be raised for the first time on appeal. Although the courts of this state have broken down traditional distinctions to grant appropriate relief (*People* v. *Esquibel,* 44 Cal.App.3d 591 [118 Cal.Rptr. 748]), the writ of habeas corpus requires due diligence. As indicated above, the facts alleged in the petition and supporting affidavits were cumulative of facts in the record on appeal and known at the time of the appeal. The instant writ shows an absence of due diligence on the part of Mazoros' counsel in failing to notice and timely raise the constitutional dimensions of the major contention on appeal.

The issue presented by the instant writ is similar to that in *In re Rinegold, supra,* page 730, namely, whether a remedy by state habeas corpus should be made available for a matter that could have been raised on appeal. In denying the writ in *Rinegold,* we said at pages 730-731, quoting from *In re Sterling,* 63 Cal.2d 486, 488 [47 Cal.Rptr. 205, 407 P.2d 5]: " 'We fully recognize this state's obligation to afford every defendant a full and fair opportunity to secure an adjudication of all claimed deprivations of his constitutional rights in the securing of the evidence offered against him at trial. We believe, however, that in the

could not be raised on appeal in the same context and that the record is silent and could not be augmented without taking further evidence. We have been unable to discern any significant difference between the contents of the record on appeal and the affidavits filed in support of the petition.

absence of extraordinary circumstances, the time and place to secure such an adjudication is at the trial and on appeal. Unless these direct remedies were inadequate for reasons for which the defendant was not responsible (see *In re Spencer* (1965) *ante,* pp. 400, 406 [46 Cal.Rptr. 753, 406 P.2d 33]), we see no basis for affording him an opportunity to relitigate an alleged violation of such constitutional rights of collateral attack in the state courts.'

"Thus, here, as *In re Sterling, supra,* the authorization of a state remedy would result only in needless repetition and delay. As stated in *Sterling, supra,* at page 489: 'Preservation of a defendant's constitutional rights lies not in multiple state remedies that will ordinarily produce the same result, but in one effective state remedy plus an awareness on the part of all state officials that ultimate federal review is available. We expedite the availability of that federal remedy by the compilation of a full and adequate record and by insisting that one state remedy is ordinarily enough.' "

The instant case has the additional irony of having caused delay. Habeas corpus is an extraordinary remedy designed to provide quicker relief than the normal processes of the appeal to a defendant who has no other remedies. In the instant case, this court had to await opposition to the writ and then Mazoros' traverse to the opposition. Thus, both the appeal and the instant proceeding were delayed.

The petition fails to indicate why the constitutional issues inherent in the argument were not raised previously. We cannot, of course, penalize Mazoros or fail to take cognizance of his constitutional rights merely because his retained counsel was not diligent or sufficiently familiar with criminal procedure. Nor do we wish to inspire malpractice proceedings or engender a further argument of ineffective assistance of counsel.

Although the petition sets forth no facts entitling Mazoros to relief and we could deny it summarily (*People* v. *Cleveland,* 37 Cal.App.3d 547, 552 [112 Cal.Rptr. 508]), we are constrained to briefly comment on the constitutional issues raised in order to prevent the proliferation of additional writs or other proceedings. The affidavits filed with the writ are merely cumulative of the extensive documentary evidence in the record on appeal. Applying the more stringent tests that are required when a petitioner's fundamental rights to be present at his trial (*Illinois* v. *Allen,* 397 U.S. 337 [25 L.Ed.2d 353, 90 S.Ct. 1057]) and to due process

are involved, there is ample substantial evidence to controvert the contents of the affidavits.[5]

The petition for writ of habeas corpus is denied, and the order to show cause is discharged.

Kane, J., and Rouse, J., concurred.

On January 6, 1978, the opinion was modified to read as printed above. Petitioner's application for a hearing by the Supreme Court was denied February 16, 1978.

---

[5] We are not disposed to consider the additional evidence from another proceeding that the People have included in their opposition to the writ.