**Joseph Scott HUNTER, a/k/a Raymond C. Dirker, Petitioner–Appellant,**

v.

**Bernie AISPURO, Warden, Respondent–Appellee.**

No. 90–16398.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 1991.

Decided March 12, 1992.

---

Meredith J. Watts, San Francisco, Cal., for petitioner-appellant.

Christopher J. Wei, Deputy Atty. Gen., San Francisco, Cal., for respondent-appellee.

Before CANBY and KOZINSKI, Circuit Judges, and NIELSEN, District Judge.*

WM. FREMMING NIELSEN, District Judge:

Joseph Scott Hunter appeals the denial of his petition for a writ of habeas corpus. He contends that the district court erroneously relied on the harmless error doctrine when rejecting his due process challenge to the state-imposed sentence. We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

Joseph Scott Hunter was indicted on eight counts for sexual offenses; three of the counts charged Hunter with committing forcible oral copulation. These three charges were based on incidents with two minors, Lorie D., age 12, and Michelle L., age 14.

At trial, both girls testified about the incident while Hunter asserted an alibi defense. The girls testified that after they accepted a ride with Hunter, he pulled out a gun which, unbeknownst to the girls, was unloaded. Hunter pointed the gun at Michelle's head and told her to do what he said and she would not get hurt. Hunter told the girls that earlier that day he had robbed a bank, had been wounded, and was not afraid to use the gun. Later, Hunter took some bullets out of his pocket, loaded the gun, put it under the driver's seat, and told the girls it would remain there.

The jury found him guilty on seven counts, including the three counts of committing forcible oral copulation, under California State Penal Code 288a(c). The jury specifically found that Hunter did not use a deadly and dangerous weapon. During deliberations, the jury required further instructions regarding the meaning of deadly and dangerous weapon, specifically that a toy gun was not a deadly and dangerous weapon unless it could be used in a deadly manner.

In addition to the normal sentence under the penal code, Hunter was sentenced to consecutive terms of seven years on each of these counts via a sentencing statute, California State Penal Code section 667.-6(c). At the time Hunter committed the acts in question section 288a(c) of the Penal Code defined forcible oral copulation as committing the act "by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury"; while

---

* The Honorable Wm. Fremming Nielsen, United States District Judge, Eastern District of Washington, sitting by designation.

section 667.6(c) provided for additional consecutive sentences if the crimes were committed "by force, violence, duress, menace, or threat of great bodily harm."[1]

Hunter appealed his conviction and sentence on three separate occasions yet never raised the question of whether the linguistic discrepancies between California Penal Code sections 667.6(c) and 288a(c) denied him due process. The issue was first raised in his state petition for a writ of habeas corpus. The petition was denied without comment by both the California Court of Appeal and Supreme Court.

## II. DISCUSSION

### A. STANDARD OF REVIEW

■ This court reviews de novo a district court's decision on a petition for writ of habeas corpus. *Carter v. McCarthy*, 806 F.2d 1373, 1375 (9th Cir.1986), *cert. den.*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

### B. PROCEDURAL DEFAULT

■ The government contends that Hunter's argument is procedurally barred from habeas review because he did not raise the issue properly on direct appeal. We agree.

This subject has been recently addressed by the United States Supreme Court in *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).[2] Prior to *Coleman*, the standard that was enunciated in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), wherein the Court extended a presumption afforded direct appeal criminal cases to habeas corpus appeals. The presumption arises when there are two possible grounds for a state court's denial of habeas relief, one a federal question and the other an independent and adequate state procedural bar, and the order denying habeas relief does not clear-

ly and expressly state that the state procedural bar is the basis of the denial. The *Harris* Court held that a federal court reviewing the state court's denial of habeas relief will presume the denial was based on the federal question absent a clear statement to the contrary. *Id.* at 265, 109 S.Ct. at 1044.

*Coleman* reexamined *Harris* and explained that "[a] predicate to the application of the *Harris* presumption is that the decision of the last state court ... must fairly appear to rest primarily on federal law or to be interwoven with federal law." *Coleman*, 111 S.Ct. at 2557. *See also id.* at 2571–73 (Blackmun, J., dissenting) (now "State need not bear the burden of making clear its intent to rely on [ ] a [procedural] rule"); *Caswell v. Ryan*, 953 F.2d 853, 861 (3d Cir.1992) ("unexplained denial of the nunc pro tunc petition cannot be read to rest primarily on federal grounds"); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir.1991) ("Only where a federal court has good reason to question whether there is an independent and adequate state ground for the decision will the *Harris* presumption apply"); *Byrd v. Delo*, 942 F.2d 1226, 1231 (8th Cir.1991) (state court's silent denial of habeas relief does not fairly appear to rest on federal law); *Gilbert v. Scott*, 941 F.2d 1065, 1067 (10th Cir.1991) (no need to search for *Harris* clear and express statement in absence of reference to federal law); *Young v. Herring*, 938 F.2d 543, 553–54 (5th Cir.1991) ("The key is not the clarity of the state court's language, or even whether the state court addressed the merits of the federal claim, but whether the state court may have based its decision on its understanding of federal law" (footnote omitted)).

In *Coleman*, the defendant filed a petition for a writ of habeas corpus in state court raising federal constitutional claims

---

1. This discrepancy between section 288a(c) and 667.6(c) existed from 1980 to 1985 because on an apparent oversight by the California legislature: when it changed the language of section 288a(c) in 1980, it forgot to change the corresponding language of section 667.6(c).

2. Though argued, *Ylst v. Nunnemaker*, — U.S. —, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), is inapplicable. *Nunnemaker* permits a reviewing court to "look through" summary denials to the last reasoned court opinion. *Id.* at 2594. Hunter has no reasoned opinion to which he can point.

that he had not raised on direct appeal. The court ruled against the defendant on all claims. The defendant appealed but was three days late in filing the appeal. Upon motion for dismissal based on the late filing, the state supreme court dismissed the appeal virtually without comment. *Id.* 111 S.Ct. at 2552–53. In holding that the state court dismissal did not fairly appear to rest primarily on federal law or to be interwoven with federal law, the United States Supreme Court noted that the state court dismissal did not mention federal law. *Id.* 111 S.Ct. at 2559.

Here, Hunter did not raise his federal constitutional claims on direct appeal, but raised them in his state habeas petition. The state filed an opposition, arguing both the merits and invoking the rule, which exists in California as elsewhere, that failure to raise an issue on direct appeal amounts to a waiver thereof. *See In re Sterling,* 63 Cal.2d 486, 488, 407 P.2d 5, 7, 47 Cal.Rptr. 205, 207 (1965). The state court of appeal stated only: "The petition for writ of habeas corpus is denied." The state supreme court similarly stated: "Petition for writ of habeas corpus DENIED."

The state courts' terse dismissals of the habeas petition do not disclose whether they were based on state or federal law. The decisions do not, however, "fairly appear[ ] to rest primarily on federal law, or to be interwoven with the federal law." *Coleman,* 111 S.Ct. at 2557 (quoting *Michigan v. Long,* 463 U.S. 1032, 1040, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983)). The state court rulings make no reference to federal law and give no indication that federal law was consulted in reaching a decision.[3]

■ Reading a pro forma state court decision as relying on state procedural grounds when those grounds are argued to the state court and are dispositive is consistent with established practice. In the absence of other evidence, the normal presumption is that a state court will decide a case on state rather than federal grounds when both grounds are raised and both are dispositive. *See Coleman,* 111 S.Ct. at 2558 ("In those cases in which it does not fairly appear that the state court rested its decision primarily on federal grounds, it is simply not true that the 'most reasonable explanation' is that the state judgment rested on federal grounds.") Similarly, the usual presumption is that a state court, as all courts, will decide a case on non-constitutional grounds where possible; in this case that means state grounds, because federal grounds in a habeas case are perforce constitutional. *See Ashwander v. TVA,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) ("[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."). Moreover, the California rule that courts will not consider a claim on state habeas review that was not raised on direct appeal is a rule that bars review of the merits; it is established that a court will normally consider such questions before turning to the merits. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990).

Under the plain language of *Coleman,* as well as established prudential principles, we conclude that the state courts did not rely on federal law in making their decision and that, therefore, the decision rests on an independent and adequate state ground.

■ Having decided that Hunter has procedurally defaulted in state court on his constitutional claims, in order to proceed in federal court on those same claims he must now demonstrate cause and actual preju-

---

**3.** This case is thus very similar to *Byrd v. Delo,* 942 F.2d 1226, 1231–32 (8th Cir.1991). There, a state petitioner raised a federal constitutional claim for the first time in a state habeas petition to the Missouri Supreme Court; that court denied the motion without explaining the basis for its decision. Like California, Missouri has a rule that bars state habeas review of claims not raised on direct review. The Eighth Circuit examined the state procedural rule in question, noted the speed with which the Missouri Supreme Court dispatched petitioner's claim and concluded that the Missouri Supreme Court had relied on state procedural grounds in denying petitioner's claim.

dice or manifest injustice before he can obtain relief. *Coleman,* 111 S.Ct. at 2564–65. Though Hunter's petition for a writ of habeas corpus does not allege any cause for his default, even if he were able to point to sufficient cause, his claims would be barred because he cannot establish prejudice. *See Murray v. Carrier,* 477 U.S. 478, 494, 106 S.Ct. 2639, 2648–49, 91 L.Ed.2d 397 (1986) (both cause and prejudice must be shown).

In order to establish prejudice resulting from his procedural default, Hunter "bears 'the burden of showing not merely that the errors at his trial constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *White v. Lewis,* 874 F.2d 599, 603 (9th Cir.1989) quoting *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982) (emphasis in original). Hunter claims the jury based his convictions for forcible oral copulation on a finding of fear of immediate and unlawful bodily injury under California State Penal Code section 288a(c), a lesser standard than the threat of great bodily injury found in California State Penal Code section 667.6(c), the sentencing enhancement statute. He asserts, therefore, that the court's additional consecutive sentences were not authorized by the enhancement statute, are in excess of that authorized by state law and thus denied him due process of the law. The government claims that the failure of the jury to return a special finding regarding oral copulation by means of threats of great bodily harm is harmless error.

As we noted above, the discrepancy between section 288a(c) and section 667.6(c) existed only between 1980 and 1985. The California courts have on many occasions addressed the problem we confront here: a defendant convicted under section 288a(c) and sentenced under 667.6(c) even though the jury did not return a separate finding as to violation of section 667.6(c).

Early California cases held that at sentencing the judge could not invade the province of the jury by determining the factual issue of the degree of force utilized by a felon convicted under section 288a.

*See People v. Riffey,* 171 Cal.App.3d 419, 422–23, 217 Cal.Rptr. 319 (1985); *People v. Foley,* 170 Cal.App.3d 1039, 216 Cal.Rptr. 865 (1985); *People v. Reyes,* 153 Cal.App.3d 803, 200 Cal.Rptr. 651 (1984). However, later cases used a harmless error analysis, finding that "[w]here it is clear from the evidence and jury findings that the jury could only have found that the offenses were committed by force or fear of great bodily harm, we would hold the error harmless and would not preclude sentencing under section 667.6, subdivision (c)." *People v. Ramirez,* 189 Cal.App.3d 603, 632–33, 236 Cal.Rptr. 404, 424 (1987); *see also People v. Moore,* 211 Cal.App.3d 1400, 1416–20, 260 Cal.Rptr. 134, 147 (1989); *People v. Flores,* 193 Cal.App.3d 915, 918–21, 238 Cal.Rptr. 656, 657–58 (1987); *People v. White,* 188 Cal.App.3d 1128, 1135–37, 233 Cal.Rptr. 772, 777–78 (1987). The state harmless error analysis is consistent with federal standards. *See Rose v. Clark,* 478 U.S. 570, 578–79, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986) ("if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis.... Where a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed").

Hunter admits on appeal that the basic facts are not in dispute. Evidence at trial revealed that Hunter picked up the young victims and drove them to a secluded spot. He brandished a gun, albeit unloaded, and told them he and others had robbed a bank earlier in the day, resulting in several people, including himself, being shot. He stated he had used the gun, was not afraid to use it again, loaded the gun and placed it under the car seat. He forced the victims to perform the sexual acts for which he is charged. Although he did not directly use the gun while performing the acts, a reasonable jury could only find that the presence of the gun combined with all the other circumstances constituted a threat of great bodily harm to the victims. Thus, had the jury been properly informed of the differ-

**960**

ing standards in the statutes, the result would have been the same; the error therefore had no effect.

Hunter points out that the jury found that the gun was not capable of being used to inflict great bodily injury, presumably because it found that the gun was not loaded. But that finding is irrelevant to the question whether Hunter used the gun to *threaten* great bodily harm. To constitute a threat, it is not necessary that the person making the threat be capable of carrying it out; nor is it necessary that the weapon involved be one that actually could be used to carry it out.

█ Nor can Hunter point to any manifest injustice in order to elude the procedural bar. Manifest injustice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496, 106 S.Ct. at 2649. Hunter does not contend that he is innocent, he only contests the degree of his culpability for sentencing purposes.

### III. CONCLUSION

We conclude that the California state courts' denials of Hunter's petition do not fairly appear to rest primarily on federal law or to be interwoven with federal law. Hunter has not shown sufficient cause and prejudice or manifest injustice to overcome this independent and adequate state grounds for denial of his petition which bars federal courts from reviewing his allegations.

Judgment affirmed.