979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Paul MAXWELL, Petitioner-Appellant,
v.
Bernie AISPURO, Warden; Attorney General of California,
Respondents-Appellees.
 No. 91-55501.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 16, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Maxwell, a California state prisoner, appeals pro se the denial of his habeas corpus petition. He contends that the district court erred in determining that it lacked jurisdiction over his petition. He claims that because his 1981 misdemeanor sentence was improperly enhanced by an invalid 1980 conviction, it was void. Further, he claims that because the state court ordered his 1982 sentence to run consecutively to the allegedly void 1981 conviction, he is still "in custody" under the 1980 conviction, and the district court therefore had jurisdiction to hear his challenge to that conviction. We review de novo the district court's decision on a habeas petition. Hunter v. Aispuro, 958 F.2d 955, 957 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or other laws or treaties of the United States.' " Maleng v. Cook, 109 S.Ct. 1923, 1925 (1989) (quoting 28 U.S.C. § 2241(c)(3)). The habeas petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. Id. (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). An expired conviction can never satisfy the "in custody" requirement, even though it may possibly be used to enhance a subsequent sentence, and even if this possibility "actually materialized." Id. at 1926-27; Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990).
 
 
 4
 In 1980, Maxwell was convicted of misdemeanor petty theft and served 60 days in county jail. In 1981, he was convicted of six more misdemeanors which were enhanced from two and one half years to five and one half years because of his prior conviction in 1980. The enhancement of those sentences was stayed pending Maxwell's appeal of his conviction. In 1982, while still serving his 1981 sentence, Maxwell was convicted of seven felony charges and was sentenced to a total of twelve years in state prison. The 1982 sentence was ordered to run consecutively to the aggregate sentence on the 1981 misdemeanor cases. In 1985, after serving his 1981 sentence, Maxwell was transferred to state prison to begin serving his felony sentence. He filed the present habeas petition on July 11, 1989, at which time he was in custody under neither the 1980 conviction nor the 1981 conviction.
 
 
 5
 Because the sentence for his 1980 conviction expired before Maxwell filed his petition, it cannot satisfy the "in custody" requirement, even though it may have had the collateral consequences of enhancing his subsequent 1981 conviction and thereby delaying his release from his 1982 conviction. See Feldman, 902 F.2d at 1449.
 
 
 6
 Therefore, we affirm the district court's determination that it lacked jurisdiction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3