8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathan Kevin TURNER, Petitioner-Appellant,
v.
Joseph COMPOY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 91-55842.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1993.*
Decided Oct. 19, 1993.
 
 Before: BROWNING, POOLE, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nathan Kevin Turner, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Turner challenges his conviction and sentence on multiple counts of rape, burglary, robbery, assault, and peeping tom activity. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253, and we review de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.[1]
 
 
 3
 * Turner contends that the trial court should have excluded as involuntary certain inculpatory statements he made to the police because he was under the influence of PCP. We disagree.
 
 
 4
 Before a criminal defendant's statement can be used against him, the government must prove its voluntariness by a preponderance of the evidence. United States v. Leon Guerrero, 847 F.2d 1363, 1365 (9th Cir.1988) (citing Lego v. Twomey, 404 U.S. 477, 489 (1971)). An inculpatory statement is voluntary only when it is the product of a rational intellect and a free will. Id. (citing Blackburn v. Alabama, 361 U.S. 199, 208 (1960)). Voluntariness is determined by examining the totality of the circumstances, which necessitates an examination of the characteristics of the accused and the details of the interrogation. United States v. Kelley, 953 F.2d 562, 564-65 (9th Cir.1992).
 
 
 5
 "A statement may not be admitted if because of mental illness, drugs, or intoxication, the statement was not the product of a rational intellect and a free will." Id. at 565 (citation omitted). Coercive police activity, however, is a "necessary predicate" for finding a confession involuntary. Id. (quoting Colorado v. Connelly, 479 U.S. 157, 167 (1986)); see also id at 564 (no one factor is determinative); Leon Guerrero, 847 F.2d at 1365 (test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne) (citing Haynes v. Washington, 373 U.S. 503, 513-14 (1963)).
 
 
 6
 The state argues that because Turner claimed at the suppression hearing that he did not make the statements attributed to him, he procudurally defaulted on his claim and cannot challenge the statements' voluntariness. The state court, however, considered Turner's claim, holding that there was no evidence in the record to show that the statements were involuntary. Thus, the state's argument that Turner's entire claim is procedurally barred is not persuasive. See Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir.1992) (if state court explicitly does not apply procedural bar and reaches merits of claim, then federal court may address merits).
 
 
 7
 A better way to characterize the state court's resolution of the claim is that the court addressed the claim only to the extent that it was presented in the record. This result is supported by the state court's refusal to consider other information supplied by Turner that was not in the record. Thus, Turner, by failing to present evidence at the initial suppression hearing, waived his ability to present such evidence. Accordingly, we conclude that Turner has procedurally defaulted on his claim to the extent he seeks to introduce more evidence in support of it. In re Sterling, 407 P.2d 5, 7 (Cal.1965) (failure to raise issue on direct appeal waives issue); see Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1717 (1992); Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991).[2]
 
 
 8
 To the extent Turner challenges the state court's determination regarding voluntariness based on the state court record, his statements under the totality of the circumstances were voluntary. Turner testified at the suppression hearing that he was lucid when he spoke to the police officers and understood what the officers told him and what he said to them. There is no indication of any police coercion. See Kelley, 953 F.2d at 564-65. Accordingly, we affirm the district court's denial of the petition as to this claim.[3]
 
 II
 
 9
 Turner contends that his trial counsel rendered him ineffective assistance by failing to obtain a police report showing the level of PCP in his blood and by failing to obtain expert assistance to evaluate the report and Turner's mental state. His counsel's omission, Turner argues, prevented his counsel from disputing the voluntariness of Turner's statements to the police and presenting a diminished capacity defense.
 
 
 10
 Turner's counsel, however, knew that Turner was on PCP and questioned Turner at the suppression hearing about the PCP's effect on him. Turner testified that he had been on PCP but understood clearly what the police officers said to him and what he said to them. Turner testified as to his lucidity as part of his story that he never made a confession to the police. In light of Turner's position that the PCP use did not affect his abilities, his counsel's failure to more fully investigate the PCP intoxication as a challenge to the voluntariness of Turner's confession does not constitute deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, as the California Court of Appeal observed on Turner's direct appeal, diminished capacity is not a defense to rape under California law. Although Turner also was tried on burglary and robbery charges, counsel's tactical decision not to pursue a defense that was contradicted by Turner's own statements and that did not affect Turner's culpability for the most egregious of his crimes does not fall outside the "wide range of reasonable professional assistance" such that it constitutes deficient performance. See id. at 689; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 III
 
 11
 Turner contends that he was denied a fair trial because an alternate juror was not properly instructed. We disagree.
 
 
 12
 Habeas relief is warranted for an error in instructing the jury in state criminal proceedings only if the error "so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (citation omitted) (analyzing defective jury instruction).
 
 
 13
 Here, the alternate juror was instructed with the rest of the jury before the jury began deliberating. During jury deliberations, at the request of one juror, the jury was reinstructed on robbery, burglary, and circumstantial evidence. One of the three alternate jurors was missing during the reinstruction, and when Turner's counsel mentioned this to the trial judge, the judge stated that if an alternate was needed, someone should remind him to repeat the reinstruction. An alternate juror later replaced one of the jurors, and the trial judge ordered the jury to disregard any previous deliberations and start anew. The judge never reinstructed the alternate juror.
 
 
 14
 Turner has not shown an error that so infected the trial that he was denied due process. See id. at 154. The entire jury was instructed fully, including the alternate juror.
 
 IV
 
 15
 Turner contends that his sentence of 174 years, 4 months violates the eighth amendment's proscription against cruel and unusual punishment. This contention fails.
 
 
 16
 "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 111 S.Ct. 2680, 2705 (1991) (Kennedy, J., concurring) (citing Solem v. Helm, 463 U.S. 277, 288 (1980); see Rummel v. Estelle, 445 U.S. 263, 285 (1980) (life sentence without the possibility of parole for recidivism based on three underlying felonies does not violate eighth amendment); United States v. Martinez, 967 F.2d 1343, 1348 (9th Cir.1992) (discussing eighth amendment claim in the context of the two opinions that formed the basis for the Harmelin decision); see also Solem, 463 U.S. at 290 (substantial deference given to the broad authority of legislatures to determine punishments for crimes and to the discretion of sentencing courts to impose sentences); United States v. Yarbrough, 852 F.2d 1522, 1545-46 (9th Cir.) (sentence that falls within statutory limits generally not subject to review), cert. denied, 488 U.S. 866 (1988).
 
 
 17
 Here, Turner's sentence is long, but it was imposed pursuant to statute for multiple crimes committed by Turner. The district court did not err by rejecting his eighth amendment claim.[4]
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that Turner's claims lack merit, we do not address the state's argument that recent Supreme Court decisions require dismissal of the petition without prejudice for failure to exhaust state remedies despite our previous determination that Turner exhausted his claims. See Turner v. Compoy, 827 F.2d 526, 529-30 (9th Cir.1987), cert. denied, 489 U.S. 1059 (1989)
 
 
 [2]
 Turner was not given an opportunity to show cause for or prejudice from his default. The only basis for cause, however, is ineffective assistance of counsel. Because Turner's claim of ineffective assistance is meritless, Turner cannot show cause, and remand to the district court to give Turner an opportunity to show cause and prejudice is unnecessary
 
 
 [3]
 We observe that the state's assertion that this court must give a presumption of correctness under 28 U.S.C. § 2254(d) to the state court's determination regarding voluntariness is inaccurate. See Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992); Terrovona v. Kincheloe, 852 F.2d 424, 427 (9th Cir.1988)
 
 
 [4]
 Turner also contends that the trial court erred by denying his motion for a new attorney without holding a hearing pursuant to People v. Marsden, 465 P.2d 44 (Cal.1970). Turner did not raise this claim in the district court, and we do not consider it. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985)