[Sac. No. 4563. In Bank.—July 19, 1937.]

LOUIS P. JOERGER, Respondent, v. MT. SHASTA POWER CORPORATION (a Corporation) et al., Appellants.

Thomas J. Straub, W. R. Dunn, Orr M. Chenoweth and Garret W. McEnerney for Appellants.

Jesse W. Carter for Respondent.

SHENK, J.—This is an appeal from an order directing the issuance of a temporary injunction to restrain the defendants "from continuing to divert any of the waters of Hat Creek from the natural channel of said stream, when the same passes through, over, along, by, upon and past", the forty acres of the plaintiff's riparian land. It is the appeal referred to as "now pending and undetermined" in our opinion in *Joerger* v. *Mt. Shasta Power Corp.*, 214 Cal. 630, 634 [7 Pac. (2d) 706], in which it was decided that the writ of *supersedeas* was not necessary in order to stay the injunction pending appeal for the reason that the injunction was mandatory and was automatically stayed by the appeal. The opinion in that proceeding was filed on January 25, 1932. Two days before, on January 23d, the opening brief of the defendants and appellants herein was filed and no further briefs have been filed.

The defendants are entitled to a reversal on the ground that injunction will not lie on the facts here presented on behalf of one opposite riparian owner as against the other. This was plainly indicated in our opinion in the *supersedeas* proceeding and no further comment on that subject is necessary.

The defendants contend that they are also entitled to a reversal on the ground that the payment of $40,000 damages and interest pursuant to the judgment in the case of *Joerger* v. *Pacific Gas & Elec. Co. et al.*, 207 Cal. 8 [276 Pac. 1017], affirmed by this court in April, 1929 (207 Cal. 8), wholly compensated the plaintiff for all permanent injuries to his lands, whether he was a riparian owner or an appropriator. It is true that the plaintiff in the case last referred to sought damages to his lands based on the permanent diversion of the waters of the creek and the continuous operation of the power plant by the defendant power corporation. It also appears that in acquiring the lands riparian to the creek the defendants endeavored to acquire, and acted under the belief that they had acquired, all of the lands riparian to the creek on both sides thereof from the point of diversion to the point of return, including the slight projection of the

stream into the southwest quarter of the southeast quarter of section 20, as shown at the point "H" on the map incorporated in the opinion in said Joerger case (214 Cal. 630, 632 [7 Pac. (2d) 706]).

The defendants press their contention that when the plaintiff failed to appeal from that portion of the judgment which awarded him damages to his lands, and accepted the $40,000 and interest in satisfaction of those damages, no substance is left in the plaintiff's claims. But we do not feel called upon to explore the record for the purpose of discovering an additional ground for the reversal of the order for the issuance of the temporary injunction when at first glance the order was without proper foundation either in fact or in law.

The order is reversed.

Curtis, J., Edmonds, J., Seawell, J., Nourse, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.