[Crim. No. 20198. Oct. 4, 1979.]

In re THAD C. ANDERS on Habeas Corpus.

**COUNSEL**

Robert D. Carpenter, under appointment by the Supreme Court, for Petitioner.

Gordon & Hatler, Albert L. Gordon, Ray A. Hatler, Margaret C. Crosby, Alan L. Schlosser, Amitai Schwartz, Jill Jakes, Fred Okrand, Mark Rosenbaum, Terry Smerling, Donald C. Knutsen, Jerel McCrary and Donald M. Solomon as Amici Curiae on behalf of Petitioner.

Burt Pines, City Attorney, Ward G. McConnell, Assistant City Attorney, and Mark L. Brown, Deputy City Attorney, for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and John A. Saurenman, Deputy Attorneys General, as Amici Curiae on behalf of Respondent.

OPINION

**TOBRINER, J.**—Petitioner Anders brings habeas corpus to challenge his conviction and punishment for a violation of Penal Code section 647, subdivision (a), which provides that every person "Who solicits anyone to engage in or who engages in lewd or dissolute conduct in any public place or any place open to the public or exposed to public view" is guilty of disorderly conduct. The conviction rests on the testimony of a police officer that he observed petitioner masturbating in a closed pay toilet stall in a bus station restroom. The door to the toilet stall was solid, except for two 12- by 18-inch wire mesh grates; the officer looked through the upper grate to observe petitioner's conduct.

Petitioner primarily argues that the officer's observation constituted an illegal search. (See *Britt* v. *Superior Court* (1962) 58 Cal.2d 469 [24 Cal.Rptr. 849, 374 P.2d 817]; *Bielicki* v. *Superior Court* (1962) 57 Cal.2d 602 [21 Cal.Rptr. 552, 371 P.2d 288].) That contention is not cognizable on habeas corpus. (*In re Sterling* (1965) 63 Cal.2d 486 [47 Cal.Rptr. 205, 407 P.2d 5].)

■ Petitioner may, however, be entitled to relief under our recent decision in *Pryor* v. *Municipal Court, ante,* p. 238 [158 Cal.Rptr. 330, 599 P.2d 636]. In that case we adopted a narrow and specific construction of Penal Code section 647, subdivision (a), in order to overcome charges that the section as written and previously construed was unconstitutionally vague. We construed the statute "to prohibit only the solicitation or commission of conduct in a public place or one open to the public or exposed to public view, which involves the touching of the genitals, buttocks, or female breast, for purposes of sexual arousal, gratification, annoyance or offense, by a person who knows or should know of the presence of persons who may be offended by the conduct." (*Ante,* p. 244.)

With respect to the retroactivity of our decision, we stated that a defendant whose conviction is final, such as petitioner in the instant case, would be entitled to relief by writ of habeas corpus "if there is no material dispute as to the facts relating to his conviction and if it appears that the statute as construed in this opinion [*Pryor* v. *Municipal Court*] did not prohibit his conduct." (*Ante,* p. 258.)

The record in the present proceedings was compiled before the filing of our decision in *Pryor* v. *Municipal Court, supra. (Ante,* p. 238.) It does not

touch upon questions crucial to the application of the statute as construed in *Pryor* to the instant conviction, in particular, the question whether petitioner knew or should have known of the presence of persons who may be offended by his act. We therefore cannot grant petitioner the requested relief on the basis of the present record.

Having issued an order to show cause, we could refer this matter to a referee for the taking of further evidence in light of our decision in *Pryor* v. *Municipal Court, supra, ante.* We believe, however, that the receipt and evaluation of such evidence is a matter more conveniently handled by a trial court. Accordingly, we conclude that the proper disposition of this case is to deny Anders' application but without prejudice to his right to seek relief by writ of habeas corpus in a proper court below.

The order to show cause is discharged and the petition for writ of habeas corpus is denied without prejudice.

Bird, C. J., Mosk, J., Richardson, J., Manuel, J., and Newman, J., concurred.

CLARK, J.—In *Pryor* v. *Municipal Court, ante,* page 238 [158 Cal. Rptr. 330, 597 P.2d 636] I dissented from giving retroactive effect to the narrow construction of Penal Code section 647, subdivision (a), on the ground a windfall will result to defendants—such as petitioner—validly convicted under the statute. We should discharge the order to show cause and deny the petition for writ of habeas corpus *with* prejudice.