LINDSLEY, J.
I disagree with the majority. While Pryor v. Municipal Court (1979) 25 Cal.3d 238 [158 Cal.Rptr. 330, 599 P.2d 636], expressly applied to Penal Code section 647, subdivision (a) only because that was the section there involved, I think appellant is correct in arguing that Pryor also applies to Penal Code section 647, subdivision (b) as it was involved in this case. While there is a code subdivision distinction between the two cases, I believe it is a distinction without difference when we give heed to the philosophical substance of Pryor and its follow-up case In re Anders (1979) 25 Cal.3d 414 [158 Cal. Rptr. 661, 599 P.2d 1364]. The opinion in Anders, also written by Justice Tobriner, states: “We construed the statute ‘to prohibit only the *Supp. 4 solicitation or commission of conduct in a public place or one open to the public or exposed to public view, which involves the touching of the genitals, buttocks, or female breast, for purposes of sexual arousal, gratification, annoyance or offense, by a person who knows or should know of the presence of persons who may be offended by the conduct.’” (Id., at p. 416. Italics added.)
I believe this same construction for the same reasons must attach to section 647, subdivision (b) or its meaning is lost.
Pryor and now Anders have pointed the law and its administration toward a new, more rational and reasonable result in this most widely confused and applied area of the law at the point of enforcement. The majority would erode the banks of the stream before the law has had a chance to flow within its new bounds.
The conviction should be reversed.