[No. F003647. Fifth Dist. Jan. 25, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
ALFRED TATE, JR., Defendant and Respondent.

**[Opinion certified for partial publication.*]**

*Part II of this opinion is not published, because it does not meet the standards for publication contained in California Rules of Court, rule 976(b).

**COUNSEL**

John K. Van de Kamp, Attorney General, Robert D. Marshall, Eileen Ceranowski and Michael T. Garcia, Deputy Attorneys General, for Plaintiff and Appellant.

Arthur R. Collins, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**BROWN (G. A.), P. J.—**

## PART I

 The People appeal from an order granting probation, contending the trial court erred in refusing to require the defendant, Alfred Tate, Jr., to register as a sex offender pursuant to Penal Code[1] section 290. We will direct that the order be modified to require the defendant to register.

Defendant was initially charged with a violation of section 288, subdivision (a) (lewd and lascivious acts upon a child under the age of 14 years). Enhancements based upon the child being under the age of 11 years, to wit, 7 years (§ 1203.066, subd. (a)(8)) and defendant occupying a position of special trust (§ 1203.066, subd. (a)(9)) were alleged. He pled not guilty. Later, defendant entered a plea of nolo contendere to a misdemeanor violation of section 647a (annoying or molesting a child under the age of 18 years).[2] The court granted probation and ordered the defendant not be required to register under section 290.

---

[1] All references are to the Penal Code unless otherwise indicated.

[2] Section 647a provides in pertinent part: "Every person who annoys or molests any child under the age of 18 is a vagrant and is punishable by a fine not exceeding one thousand dollars ($1,000) or by imprisonment in the county jail for not exceeding six months or by both such fine and imprisonment."

Before filing a complaint a social worker interviewed the victim for over an hour. She related a course of sexual conduct lasting over a period of months wherein appellant placed his finger in her vagina, culminating in the event referred to herein. With regard to that event, she stated that while her mother had gone fishing appellant laid her on the sofa, disrobed her, and inserted his penis.

At the preliminary hearing, where she was subject to cross-examination, the victim reiterated the event substantially as told to the social worker.

The probation department's report concludes that: "Defendant reportedly molested the 7-year-old daughter of his live-in girlfriend by having sexual intercourse with her while the mother was not home. Defendant adamantly denies ever touching the victim and states the victim was lying and that the social workers put the victim up to reporting defendant. The defendant also feels he was taken through the court system on the charge because he is a black man."

At the time appellant pled nolo contendere to a violation of Penal Code section 647a the district attorney, in presenting the plea bargain to the court for approval, stated: "For one thing, we have a disagreement on [*sic*] doctors as to whether or not she had been molested. Two, there is a taped statement of the child disaffirming the acts, with the disaffirmance of the complaining witness on tape which I've heard, plus the disagreement of the doctors, makes the case such that I feel that this is probably a proper disposition of the case. And that's my reasons for taking a—submitting to this sort of plea. I realize it's a big difference."

At the time pertinent, section 290 expressly required a person convicted of violation of "subdivision 1 of section 647a" to register as a sex offender.[3] Defendant argues that since there was no subdivision 1 of section 647a at the time of this offense, it is unclear that the Legislature intended the registration requirement to apply to section 647a. The argument has no merit.

The registration requirement set forth in section 290 was added by statute in 1947 and applied to specified sections, including section 647a. At that time, section 647a had two subdivisions: Subdivision 1 related to annoying or molesting a child; subdivision 2 related to loitering about any school or public place at or near which school children attend. Subsequently, section 290 was amended to require registration only for violation of subdivision 1 of section 647a. Thereafter, the Legislature amended section 647a, deleting subdivision 2 from the statute. The Legislature neglected to harmonize section 290 with this modification of section 647a. Based on this discrepancy,

---

[3]The current version of section 290 has eliminated reference to "subdivision 1" of section 647a and merely refers to section 647a.

respondent contends that the legislative intent as to the applicability of the registration requirement is unclear.

■ "[T]he courts will not permit a legislative act to be declared invalid for uncertainty if, by supplying words inadvertently omitted, the intention of the legislature can be made manifest." (58 Cal.Jur.3d, § 87, p. 440.) The courts may correct inadvertent error in a statute. "For example, if a supplemental or amendatory statute refers to a section of the original act by number, and the section referred to is not in harmony with the legislative purpose whereas only one other section is, the reference will be treated as being to the other section." (*Id.*, § 113, p. 501.)

■ It is patently clear from the chronology of the legislative amendments to section 290 and section 647a that the Legislature's failure to harmonize section 290 with section 647a was an oversight and that the Legislature intended that registration be required for annoying and molesting children.

■ Section 290 requires a person convicted of certain crimes to register with the authorities within 30 days of coming into any county or city for either permanent or temporary residence. (§ 290.) The requirement is based on the assumption that such persons are more likely to repeat the crimes, and that consequently it is desirable to have accurate information as to their whereabouts. (2 Witkin, Cal. Crimes (1963) § 966, p. 918.) The recognized purpose of the section is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance. (*Barrows* v. *Municipal Court* (1970) 1 Cal.3d 821, 825 [83 Cal.Rptr. 819, 464 P.2d 483].)

■ Defendant relies upon *In re Reed* (1983) 33 Cal.3d 914 [191 Cal.Rptr. 658, 663 P.2d 216] and *In re King* (1984) 157 Cal.App.3d 554 [204 Cal.Rptr. 39]. *Reed* involved a violation of section 647, subdivision (a),[4] not section 647a.

To save the constitutionality of section 647, subdivision (a), from a charge of impermissible vagueness, the Supreme Court has "construed the statute to prohibit only public solicitation or commission of conduct 'which involves the touching of the genitals, buttocks, or female breast, for purposes of sexual arousal, gratification, annoyance or offense, by a person who knows or should know of the presence of persons who may be offended by the conduct.' (See also Note, *Pryor v. Municipal Court: California's Nar-*

---

[4]Subdivision (a) of section 647 provides: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:

"(a) Who solicits anyone to engage in or who engages in lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view."

*rowing Definition of Solicitation for Public Lewd Conduct* (1980) 32 Hastings L.J. 461, 474; *In re Anders* (1979) 25 Cal.3d 414, 416 [158 Cal.Rptr. 661, 599 P.2d 1364].)" (*In re Reed, supra,* 33 Cal.3d at p. 918.)

In the *Reed* case, the defendant was convicted of violating section 647, subdivision (a), when he masturbated in the presence of an undercover officer in a public restroom. The Supreme Court applied a cruel or unusual punishment analysis, using the factors established in *In re Lynch* (1972) 8 Cal.3d 410, 425-429 [105 Cal.Rptr. 217, 503 P.2d 921], and concluded the registration requirements of section 290 could not be enforced for Reed's conviction of violation of section 647, subdivision (a). The court reasoned that the offense was a relatively minor sexual indiscretion between adults, registration was not required for arguably more serious crimes, and California is only one of five jurisdictions which require registration for sex offenses. The court stated: "Petitioner is not the prototype of one who poses a grave threat to society; nor does his relatively simple sexual indiscretion place him in the ranks of those who commit more heinous registrable sex offenses." (*In re Reed, supra,* 33 Cal.3d at p. 924.)

In *In re King, supra,* 157 Cal.App.3d 554, the defendant was found guilty of violating section 314, subdivision (1),[5] when he exposed himself to two teenaged girls. Using the proportionality analysis authorized by *In re Lynch, supra,* 8 Cal.3d 410, the court concluded that the registration requirement of section 290, when applied to this offense, constituted cruel and unusual punishment.

The offenses which constitute a violation of Penal Code section 647a are more offensive than violations of section 647, subdivision (a), and section 314, subdivision (1). Section 647a contemplates a crime more serious than an indiscreet gesture, public nuisance, or sexual indiscretion. A conviction under section 647a requires motivation of unnatural abnormal sexual interest in children.

The case of *People* v. *Mills* (1978) 81 Cal.App.3d 171 [146 Cal.Rptr. 411] is more closely in point than either *Reed* or *King* on the facts before us. In *Mills,* the defendant was convicted of lewd and lascivious conduct on a child under the age of 14 years in violation of Penal Code section 288 and was required to register as a sex offender. In reviewing his challenge to the registration requirement, the Court of Appeal held, "[w]hen viewed in conjunction with the specific offense for which Mills stands convicted, the registration requirement is not disproportionate as to shock one's moral sense. A requirement of registration of a person, albeit drinking, who at-

---

[5]Section 314 provides in part: "Every person who willfully and lewdly, either: 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; . . . is guilty of a misdemeanor."

tempts sexual penetration of a seven-year-old female does not raise the judicial shock eyebrow." (*Id.*, at p. 179.) The court undertook an *In re Lynch* analysis and concluded that the registration requirement, when applied to an offense involving sexual penetration of a seven-year-old minor, was not cruel or unusual.

The object of section 647a is to protect children from sex offenders and to permit apprehension and segregation of such offenders. (*People* v. *Pallares* (1952) 112 Cal.App.2d Supp. 895, 900 [246 P.2d 173]; *People* v. *Carskaddon* (1957) 49 Cal.2d 423, 425 [318 P.2d 4].) Section 647a has been construed as follows: "When the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender. Although no specific intent is prescribed as an element of this particular offense, a reading of the section as a whole in the light of the evident purpose of this and similar legislation enacted in this state indicates that the acts forbidden are those motivated by an unnatural or abnormal sexual interest or intent with respect to children. It should be noted further that the section must be construed reasonably as setting up an objective test for annoyance or molestation; a childish and wholly unreasonable subjective annoyance, arising, for example, from a child's dislike for proper correction by a teacher, is not covered by the section. The annoyance or molestation which is forbidden is in no sense a purely subjective state on the part of the child." (*People* v. *Pallares, supra,* 112 Cal.App.2d Supp. at pp. 901-902; 2 Witkin, Cal. Crimes (1963) § 620, p. 568; *In re Gladys R.* (1970) 1 Cal.3d 855, 867-868 [83 Cal.Rptr. 671, 464 P.2d 127].)

Illustrations of acts held to violate section 647a are: *People* v. *La Fontaine* (1978) 79 Cal.App.3d 176 [144 Cal.Rptr. 729], defendant offered a 13-year-old victim money if he would permit the defendant to perform a sexual act upon him; *People* v. *Moore* (1955) 137 Cal.App.2d 197 [290 P.2d 40], defendant lifted an eight-year-old girl by the buttocks and rubbed against her body; *People* v. *McNair* (1955) 130 Cal.App.2d 696 [279 P.2d 800], defendant exhibited his private parts to a seven-year-old.

Moreover, both section 288 and section 647a represent legislation specifically enacted to protect children from sexual offenders. Children are a class of victims who require paramount protection and "[t]he fundamental legislative purpose underlying section 290 is to assure persons convicted of such a crime as molestation of children shall be readily available for police surveillance at all times." (*People* v. *Mills, supra,* 81 Cal.App.3d 171, 176.) Furthermore, the court should tread lightly when approaching matters within the unique province of the Legislature. (*Ibid.*) The court should interfere with the legislative function only if a statute prescribes a penalty " 'out of

all proportion to the offense.' " (*Id.*, at p. 178, citing *Robinson* v. *California* (1962) 370 U.S. 660, 676 [8 L.Ed.2d 758, 768, 82 S.Ct. 1417].)[6]

 We conclude the registration requirement for the offense herein is valid and the court erred in ordering the defendant need not register pursuant to section 290.

### PART II*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

The order granting probation is modified to require that the defendant register as a sex offender pursuant to Penal Code section 290, and as so modified is affirmed. The trial court is directed to prepare an amended order granting probation reflecting the modification and to provide copies thereof to the appropriate authorities.

Best, J., and Randall, J.,† concurred.

A petition for a rehearing was denied February 20, 1985, and respondent's petition for a hearing by the Supreme Court was denied March 21, 1985. Mosk, J., was of the opinion that the petition should be granted.

---

[6]The other offenses for which registration is required:
Section 220—assault with intent to commit rape or sodomy;
Section 261, subdivision (2) or (3)—rape;
Section 266—inveiglement or enticement of unmarried female under 18 for purposes of prostitution;
Section 267—abduction of person under 18 for purpose of prostitution;
Section 285—incest;
Section 286—sodomy;
Section 288a—oral copulation;
Section 289—penetration of genitals with a foreign object;
Section 272—any offense involving lewd and lascivious conduct causing delinquency of a minor.

*See footnote, *ante,* page 133.

†Assigned by the Chairperson of the Judicial Council.