Filed 12/12/13  P. v. Clark CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057786 |
| v. | (Super.Ct.No. RIF1202006) |
| QUINTERRIOUS RUSSELL CLARK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas D. Glasser, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Quinterrious Clark was convicted after a jury trial on one count of annoying or molesting Jane Doe, a child under the age of 18 years old (Pen. Code, § 647.6, subd. (a)(1)),[1] and on one count of receiving stolen property (§ 496, subd. (a)). The jury also found true an allegation that defendant suffered a prior conviction for annoying or molesting a child under the age of 18 years old, such that the current conviction was punishable by imprisonment in state prison. (§ 647.6, subd. (c)(1).) The trial court sentenced defendant to a total of 10 years and 4 months in state prison.

On appeal, defendant argues his conviction for annoying and molesting a child under the age of 18 years old must be reversed because the prosecution introduced no evidence that he was motivated by an unnatural or abnormal sexual interest in the victim when he touched her wrist. Because a reasonable jury could conclude that defendant's conduct was motivated by an unnatural or abnormal sexual interest in the underage victim, we affirm.

## FACTUAL BACKGROUND

Jane Doe and her friend K. went to the Galleria at Tyler to pick up applications for summer jobs. After getting two or three applications, Jane Doe called her father to come pick up her and K. from the mall. The girls sat on a planter outside the mall as they waited for their ride. While seated there, Jane Doe saw defendant ride by on his bicycle about 12 to 15 feet away in the street. As he rode by, defendant said "hi" to the girls.

---

[1] All additional undesignated statutory references shall be to the Penal Code.

Jane Doe had never before seen or met defendant, and she did not engage him in conversation or say hello back when defendant first rode by.

A short while later, defendant walked back without his bicycle to where the girls were seated and started talking to them. Defendant walked right up to Jane Doe and stood closely in front of her. Defendant asked the girls if they had any telephones, asked if they had a charger he could use to charge his cellular phone, and showed them three cellular phones he had with him. Jane Doe thought that defendant was "hitting" on her because she "didn't know him, so he shouldn't have asked me if I had a phone." Defendant told Jane Doe that she "was pretty and that [her] hair was attractive," which Jane Doe thought was "weird" and "creepy" because he was a stranger and "much older" than her.

Defendant then grabbed Jane Doe's right wrist, looked at her gold bracelet, asked if it was handmade, and told her he sold gold. Defendant also asked Jane Doe what kind of music she listens to. Jane Doe was scared and in shock as defendant held her wrist, and she thought defendant was "hitting on" her. Defendant held Jane Doe's wrist for about a minute and rubbed it, which caused Jane Doe to feel disgusted and scared. Jane Doe did not tell defendant to leave her alone because she was scared and thought something might happen to her.

Defendant then sat down next to Jane Doe on the planter. Jane Doe was scared that defendant might "do something that he shouldn't be doing," so she pretended to make a phone call to her cousin. Jane Doe and K. got up from the planter and walked

3

back inside the mall. Jane Doe looked back to make sure defendant did not follow them. Defendant also walked into the mall, but he turned to walk in the opposite direction of the girls. Jane Doe did not notice if defendant was looking for them or watching them.

When Jane Doe's father arrived at the mall he noticed that his daughter looked scared and upset. Jane Doe told him what happened and pointed out defendant to her father. Jane Doe's father then confronted defendant, who told him he bought and sold gold and meant nothing by touching her hand. Jane Doe's father told defendant not to leave and told Jane Doe to call the police. Jane Doe told the 911 operator that defendant grabbed her hand. When asked, Jane Doe told the operator that defendant did not touch her "sexually" because she thought the operator "meant like touched me in my private parts, so I said, no, he didn't."

## DISCUSSION

"'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] In so doing, a reviewing court 'presumes in support of the judgment the

4

existence of every fact the trier could reasonably deduce from the evidence.' [Citation.]" (*People v. Edwards* (2013) 57 Cal.4th 658, 715.)

"""'Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court[,] which must be convinced of the defendant's guilt beyond a reasonable doubt. "'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.'" [Citations.]'" [Citation.]' [Citation.]" (*People v. Harris* (2013) 57 Cal.4th 804, 849-850.)

"'The primary purpose of [section 647.6] is the "protection of children from interference by sexual offenders, and the apprehension, segregation and punishment of the latter." [Citations.]' [Citations.]" (*In re Gladys R.* (1970) 1 Cal.3d 855, 868.) Section 647.6 "does not require a touching [citation] but does require (1) conduct a "'normal person would unhesitatingly be irritated by'" [citations], and (2) conduct "'motivated by an unnatural or abnormal sexual interest'" in the victim [citations]." (*People v. Lopez* (1998) 19 Cal.4th 282, 289.) "[T]here can be no *normal* sexual interest in any child and it is the sexual interest in the child that is the focus of the statute's intent." (*People v. Shaw* (2009) 177 Cal.App.4th 92, 103.)

Section 647.6 "contemplates a crime more serious than an indiscreet gesture, public nuisance, or sexual indiscretion." (*People v. Tate* (1985) 164 Cal.App.3d 133,

5

138.)  "For the most part, . . . section 647.6 has been applied to incidents of explicit sexual conduct, where a defendant: fondled a minor's genitals and had her touch his genitals [citation]; touched a minor's genitals through her clothing [citation]; fondled and had sexual intercourse with a minor [citations]; solicited a sex act from a minor [citation]; grasped a minor by her buttocks and rubbed himself against her body [citation]; exhibited his genitals to a minor [citation]."  (*People v. Kongs* (1994) 30 Cal.App.4th 1741, 1750 (*Kongs*).)  In those cases, the outward conduct itself was strong evidence of an unnatural or abnormal sexual interest in the child.  But section 647.6 is not limited to explicit lewd acts (*People v. Thompson* (1988) 206 Cal.App.3d 459, 464-466; see *People v. Memro* (1995) 11 Cal.4th 786, 871), and convictions under that statute have been upheld even when the defendant's conduct was outwardly "ambiguous" but still evidenced the requisite motive (*Kongs*, *supra*, 30 Cal.App.4th at p. 1750).

Defendant does not dispute that he grabbed and rubbed the underage Jane Doe's wrist and concedes that a normal person would unhesitatingly be disturbed, irritated, offended, or injured by his conduct.  He only disputes the sufficiency of the evidence that his conduct was motivated by an unnatural or abnormal sexual interest in Jane Doe.  According to defendant, "not only was there insufficient evidence of an unnatural or abnormal motivation, the evidence adduced at trial clearly indicated there was no such motivation."  We disagree.

Jane Doe testified that defendant, a complete stranger whom she had never met, rode past her and her friend K. and said "hi."  Shortly thereafter he walked back to where

6

the girls were seated and started talking to them and asking whether they had cellular telephones with them. This left Jane Doe with the impression that he was "hitting" on her, communicating her perception of defendant's sexual intent. Had that been the extent of defendant's acts, we might agree with him because section 647.6 does not criminalize friendly conduct with children. (See *People v. Carskaddon* (1957) 49 Cal.2d 423, 426.) But defendant was more than just friendly with Jane Doe. Defendant told Jane Doe she was "pretty" and that she had "attractive" hair. Jane Doe felt this attention from an older man whom she had never met was "weird" and "creepy." After approaching Jane Doe and grabbing her wrist, defendant held on to her wrist long enough to imply a sexual interest. Defendant also rubbed Jane Doe's wrist, which left her shocked, scared, and disgusted, and confirmed her view that defendant was "hitting" on her. Finally, defendant sat down next to Jane Doe uninvited and continued to talk to her. From this evidence, a reasonable jury could conclude that defendant was motivated by an unnatural or abnormal sexual interest in Jane Doe.

Defendant contends the evidence shows, at most, that he "was trying to hustle these two girls, not sexually arouse himself or them." True, Jane Doe testified that defendant said he sold gold and that he asked her questions about her bracelet, which is consistent with his theory that he was trying to obtain the bracelet from her. But there is evidence from which the jury could reasonably infer that defendant was interested in more than hustling Jane Doe of her bracelet. Defendant told Jane Doe she was "pretty" and then grabbed her wrist without first asking if he could look at her bracelet. He held

7

Jane Doe's wrist for a minute, and while he did so he rubbed it. Although defendant made no sexual comments to Jane Doe and did not touch her in an explicitly sexual way, the way he did touch her, when considered in light of the totality of the circumstances, reasonably supported the jury's inference that he was motivated by sexual interest in her.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.